UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECELIA DEGEEST | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| I.C. SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Cecelia DeGeest, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Cecelia DeGeest (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.   PARTIES

4.   Plaintiff, Cecelia DeGeest is an adult natural person residing at Cloverdale, VA 24077.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.   Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Virginia with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.   Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   On or around December 31, 2009, Plaintiff engaged the services of the law

firm Persels & Associates, to aid her in the settlement of her unsecured debt.  At that time Persels & Associates sent a cease and desist letter as well as notice of Power of Attorney (POA) to the Defendant informing them that they had been retained by the Plaintiff and that they should be the sole contact regarding future collection matters.  **See Exhibit "A" (letter and POA) attached hereto.**

8. On or about January 18, 2010, Plaintiff started receiving calls from Defendant's agent, "Bob Welsh", at her place of employment for a debt allegedly owed to Target for around $3,400.00.

9. Defendant's agent, "Bob Welsh", has called Plaintiff's place of employment at least a dozen times since that day, leaving messages with the Plaintiff's boss giving the impression that he was a friend of the Plaintiff.

10. On or around January 19, 2010, Plaintiff spoke to Defendant's agent, "Bob Welsh", who told the Plaintiff that she needed to make a payment of at least $400 to get caught up on her debt.

11. Plaintiff tried to explain to Defendant' agent, "Bob Welsh", that she was in the middle of a difficult divorce and that she could not make payments like that.  She informed Defendant's agent, "Bob Welsh", that she has retained the services of the law firm Persels & Associates and could he please call them directly on this matter.

12. Defendant's agent, "Bob Welsh", shouted at the Plaintiff stating that it didn't matter because there was no way he was going to work with Persels & Associates.

13. Plaintiff is fearful for her job, since she has only been employed there for about three (3) weeks and the calls have continued on a daily basis.

14. As of the filing of this complaint, Plaintiff has not received anything in writing in regards to this matter.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| § 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| § 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692d(6): | Place telephone calls without disclosing his/her identity |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, I.C. Systems, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: January 27, 2010**      **BY: /s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff